John D. Fiero (CA Bar No. 136557)
Kenneth H. Brown (CA Bar No. 100396)
Miriam P. Khatiblou (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: jfiero@pszjlaw.com
        kbrown@pszjlaw.com
        mkhatiblou@pszjlaw.com

Attorneys for R. Todd Neilson, Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>WILLIAM JAMES DEL BIAGGIO, III aka "BOOTS" DEL BIAGGIO,<br><br>        Debtor. | Case No.: 08-30991 (TEC)<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF MEMBERSHIP INTEREST FREE AND CLEAR OF LIENS**<br><br><u>B.L.R. 6004-1 Disclosure:</u>[1]<br>\* Security Pacific Bank<br>\* Valley Community Bank<br>\* United American Bank<br>\*  Modern Bank, N.A.<br><br>Date: August 3, 2009<br>Time: 9:30 AM<br>Place: 235 Pine Street, 23rd Floor, San Francisco, California<br><br>Judge: Honorable Thomas Carlson |

     R. Todd Neilson, duly appointed chapter 11 trustee in the above-captioned bankruptcy case (the "Trustee"), has moved the Court (the "Motion") for entry of an order pursuant to sections 363(b) and 363(f) of title 11 of the United States Code (the "Bankruptcy Code") authorizing the

---

[1] This is for notice purposes only.  It is not intended as an admission that any of the parties listed have valid liens on the assets at issue.  The Trustee expressly reserves all rights to contest the validity of any liens asserted against such assets.

Trustee to sell 1,800 voting units ("Units") of the issued and outstanding membership interests of American Hockey Group, LLC, a Minnesota limited liability company, free and clear of certain liens.

## JURISDICTION

The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion is properly in this District pursuant to 28 U.S.C. § 1408.

The statutory basis for the relief sought herein are sections 363(b) and 363(f) of the Bankruptcy Code and Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

### A. The Bankruptcy Proceeding

William James Del Biaggio, III, (the "Debtor") filed a voluntary chapter 11 petition in this Court on June 6, 2008. The case was assigned Case No. 08-30991. On June 19, 2008, the Office of the United States Trustee appointed the Trustee as chapter 11 trustee for this case. Pursuant to an Order entered August 29, 2008, the Trustee employed LECG, LLC as his accountants and financial advisors.

On June 27, 2008, the U.S. Trustee appointed an Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code in this case.

### B. The Lienholders

Modern Bank NA, Security Pacific Bank, Valley Community Bank and United American Bank (collectively, the "Lienholders") have each filed UCC-1 Financing Statements against certain assets held by the Debtor in exchange for certain personal or business loans extended to the Debtor at various times during the pre-petition period. Based on the proofs of claim filed by the Lienholders and the supporting documents attached thereto, none of the Lienholders assert a security interest in the American Hockey Group, LLC, a Minnesota limited liability company ("LLC"). Instead, the proofs of claim reveal that each of the Lienholders assert a security interest in various brokerage accounts maintained by the Debtor at Merriman Curhan Ford & Co. ("MCF"). United American Bank also asserts a security interest in real property owned by the Debtor in San Jose,

California. Accordingly, the Trustee does not believe that any of the Lienholders have a valid lien against the LLC but to the extent they assert a lien against the LLC, the Trustee seeks to sell the Units free and clear of the Lienholder's interests, with those liens to attach to the proceeds of the sale with the same validity or invalidity, priority and amount as existed just prior to the sale.

### C. The LLC

As set forth in the Declaration of R. Todd Nielson, filed herewith, the estate currently owns Units which represent approximately 18% of the total number of outstanding membership interests in the LLC. The Trustee understands that the LLC owns an interest in the Lancers, LLC which in turn owns the Omaha Lancers hockey team. The Trustee is informed and believes that the Debtor acquired the Units in 2004 and that shortly before the Petition Date, the Debtor sought to transfer his interest back to the members of the LLC for no consideration.

The LLC has operated at a loss since 2005. The Units have not generated any income for the estate and the Trustee believes that the Units are of little or no value or benefit to the estate.

On or about October 5, 2008, the LLC filed an unsecured proof of claim in the Debtor's bankruptcy case for $27,000 for 'breach of contract' (Docketed as Claim No. 90) (the "Claim"). The Trustee and the estate may also have certain claims against the LLC. However, in exchange for the sale described herein, the LLC has agreed to withdraw the Claim and has entered into a Stipulation Withdrawing Unsecured Claim of American Hockey Group LLC (Claim No. 90) ("Stipulation") and Settlement Agreement and Release[2]. Pursuant to the terms of the compromise, the Trustee will file the Stipulation with the Court eleven (11) days after the Court enters an order approving the compromise with the LLC.

### D. The Sale

Subject to the Court's approval, and pursuant to the terms of that certain *Membership Interest Purchase Agreement* (the "Agreement"), a copy of which is attached to the Neilson Declaration as **Exhibit A**, the Trustee has agreed to sell (the "Sale") the Units, 'as-is' to Luc Robitaille and Benoit Robert (the "Buyers"), for the sum of $25,000 in cash, free and clear of any liens or encumbrance of the Lienholders. The Buyers are currently members of the LLC and pursuant to the Agreement, each

---

[2] The Trustee intends to file a motion to approve the compromise with the LLC and have the matter heard on August 3, 2009.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF TRUSTEE'S MOTION FOR
ORDER APPROVING SALE OF MEMBERSHIP
INTEREST FREE AND CLEAR OF LIENS

59914-001\DOCS_SF:66167.1

are to receive 900 voting units.

The Sale is contingent on the Court entering an Order approving the Sale by August 10, 2009. In contemplation of Court approval of the Sale, the Buyers have tendered a check to the Trustee in the amount of $25,000 pending court approval of the Sale.

As set forth in the Neilson Declaration, the Sale is favorable to the estate because it represents 'found money' in that the Units had not generated any income to the estate and were believed to be of little or no value. The Trustee therefore believes that the purchase price is fair and reasonable.

## RELIEF REQUESTED

The Trustee seeks approval of the Sale of the Units for the purchase price of $25,000 in cash, free and clear of the interests of the Lienholders, with those liens to attach to the proceeds of the sale with the same validity or invalidity, priority and amount as existed just prior to the sale. The Trustee also requests that the provisions of Bankruptcy Rule 6004(h) which would otherwise stay any order approving the Sale be waived under the circumstances.

## LEGAL ANALYSIS

### A. The Sale Is Within the Sound Business Judgment of the Trustee and Should Be Approved

Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of property prior to confirmation of a plan. However, courts in this Circuit and others have required that the decision to sell property outside the ordinary cause of business be based upon the sound business judgment of the debtors. *See In re 240 North Brand Partners, Ltd.,* 200 B.R. 653, 659 (BAP 9th Cir. 1996) ("debtors who wish to utilize § 363(b) to dispose of property of the estate must demonstrate that such disposition has a valid business justification"), *citing In re Lionel Corp.,* 722 F. 2d 1063, 1070 (2nd Cir. 1983).

Several courts have held that the "sound business judgment" test requires a debtor to establish four elements in order to justify the sale or lease of property outside the ordinary course of

business, namely, (1) that a "sound business purpose" justifies the sale of property outside the ordinary course of business, (2) that adequate and reasonable notice has been provided to interested persons, (3) that the debtors have obtained a fair and reasonable price, and (4) good faith. *See In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143 (3rd Cir. 1986); *Lionel Corp*, 722 F.2d at 1071.

The Trustee's decision to sell the Units satisfies the sound business judgment test. First, the Trustee is charged with the obligation to liquidate the assets of this estate and selling the Units furthers that goal. Second, adequate notice is being provided. The Trustee is serving notice of this Motion and of the Sale on the Lienholders, creditors and other parties in interest. Third, the price is more than "fair and reasonable." The price of $25,000 represents a good return to the estate since the asset was deemed as having no value, in light of the losses incurred by the LLC since 2005. Fourth, the Sale is proposed in good faith as set forth below.

**B.     The Sale Is Proposed in "Good Faith" Under Section 363(m) of the Bankruptcy Code**

The fourth prong of the *Abbott Dairies* test examines whether the Sale is in good faith. Section 363(m) of the Bankruptcy Code provides, in pertinent part:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). Section 363(m) of the Bankruptcy Code thus protects the purchaser from the risk that he will lose his interest in the purchased Stock if the order allowing the Sale is reversed on appeal.

As required by section 363(m) of the Bankruptcy Code, the Sale has been proposed in good faith. Although the Bankruptcy Code does not define "good faith purchaser," the Ninth Circuit, construing section 363(m) of the Bankruptcy Code, has stated that "[a] good faith buyer is one who buys in good faith and for value." *Ewell v. Diebert (In re Ewell)*, 958 F. 2d 276, 281 (9th Cir. 1992) (quotations and citations omitted). To constitute lack of good faith, a party's conduct in connection with the sale must usually amount to "fraud, collusion between the purchaser and other bidders or the trustee or an attempt to take grossly unfair advantage of other bidders." *Id*. Due to the absence of a bright line test for good faith, the determination is based on the facts of each case, concentrating

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

on the "integrity of [an actor's] conduct during the sale proceedings." *In re Pisces Leasing Corp.,* 66 B.R. 671, 673 (E.D.N.Y. 1986) (quoting *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1998 (7th Cir. 1978)).

Here, the Sale is being made in good faith. There is no fraud or collusion in the terms of the Sale. To the contrary, the Sale is the culmination of a solicitation and negotiation process between parties who have acted at arms length. Further, all creditors and parties in interest are receiving notice of the Sale and are being provided an opportunity to be heard.

Accordingly, the Court should find that the Sale is proposed in good faith and should approve the Sale.

### C. The Units May be Sold Free and Clear of Liens, Claims, and Interests

Section 363(f) of the Bankruptcy Code permits the Trustee to sell assets free and clear of all liens, claims and encumbrances, with any such liens, claims and encumbrances attaching to the proceeds of the sale. 11 U.S.C. § 363(f). Section 363(f) of the Bankruptcy Code provides:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

Because section 363(f) of the Bankruptcy Code is written in the disjunctive, any one of these five conditions provides authority to sell the assets free and clear of liens. *See Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988).

To the extent that the Lienholders assert a lien against the LLC, such liens are in bona fide dispute. As noted herein, none of the documents attached to the Lienholders' proofs of claim support an argument that they have a valid lien against the estate's interest in the LLC. Rather, the

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF TRUSTEE'S MOTION FOR
ORDER APPROVING SALE OF MEMBERSHIP
INTEREST FREE AND CLEAR OF LIENS

documents reveal that the Debtor granted the Lienholders a security interest in certain brokerage accounts maintained by the Debtor at MCF or real property located in San Jose, California. The assets subject to the herein Sale bear no relationship to the collateral that was provided to the Lienholders to secure their claims. Therefore, to the extent the Lienholders assert a lien against the estate's interest in the LLC, the Trustee may sell the Units because the Lienholder's interests in the LLC are in bona fide dispute.

Additionally, a sale free and clear of the Units can proceed pursuant to Section 363(f)(5) of the Bankruptcy Code, because creditors with interests in the Units can be compelled to accept a monetary satisfaction of their claims.

Moreover, Bankruptcy Code section 363(f)(2) permits a sale free and clear of liens, claims, and interests if the entity asserting the lien consents. To the extent a Lienholder that receives notice does not file a written objection to this Motion, such party should be deemed to have consented to the sale of the Units at the sale hearing. *See In re Channel One Communications, Inc.*, 117 B.R. 493, 496 (Bankr. E.D. Mo. 1990).

Accordingly, because the proposed sale of the Units satisfies the requirements of Section 363(f), the Trustee requests that the Court approve the sale of the Units free and clear of any liens, claims, and interests of the Lienholders with such liens, claims, and interests attaching to the proceeds of the sale in the same validity or invalidity, priority and amount as existed just prior to the sale.

### D. Relief From The Ten Day Waiting Period Under Bankruptcy Rule 6004(h) Is Appropriate

Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise." The Trustee requests that the Order approving the Sale be effective immediately by providing that the ten (10) day stay under Bankruptcy Rule 6004(h) is waived.

The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to request a stay pending appeal before an order is implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes

are silent as to when a court should "order otherwise" and eliminate or reduce the ten (10) day stay period, Collier on Bankruptcy suggests that the ten (10) day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 Collier on Bankruptcy 15th Ed. Rev., ¶6064.09 (L. King, 15th rev. ed. 1988). Furthermore, Collier's states that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. *Id*.

The Trustee requests that the Court waive the ten-day stay period under Bankruptcy Rule 6004(h) as the terms of the Purchase Agreement require the Trustee to consummate the Sale by August 10, 2009.

## **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests the entry of an Order granting the relief set forth in this Motion and any other and further relief as the Court deems appropriate.

Dated: July 1, 2009

PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ Miriam Khatiblou*
Miriam Khatiblou
Attorneys for R. Todd Neilson,
Chapter 11 Trustee

59914-001\DOCS_SF:66167.1

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF MEMBERSHIP INTEREST FREE AND CLEAR OF LIENS